UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| ISAIAH Q.N. BUTLER, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | 1:25-cv-00239-LEW |
| | ) | |
| MARSHALL MCCAMISH, et al., | ) | |
| | ) | |
| Defendants | ) | |

## SUPPLEMENTAL RECOMMENDED DECISION AFTER REVIEW OF PLAINTIFF'S COMPLAINT AND AMENDED COMPLAINT

After a review of Plaintiff's complaint in accordance with 28 U.S.C. §§ 1915 and 1915A, I recommended that the Court dismiss the matter. (Recommended Decision, ECF No. 8.) Plaintiff subsequently filed an amended complaint and additional documents (Amended Complaint, ECF No. 14; Additional Attachments, ECF No. 15.) Following a review of Plaintiff's amended complaint and additional filings, I reiterate my recommendation that the Court dismiss the matter.

In his amended complaint and related filings, Plaintiff complains about the circumstances preceding, during, and after his arrest on state court charges in January 2025. Plaintiff asserts that he has discharged the attorneys who have been appointed to represent him in the state court matter and is currently representing himself in the pending state court matter.

As a general rule, *Younger v. Harris*, 401 U.S. 37 (1971), requires abstention from the exercise of jurisdiction when a plaintiff seeks relief in federal court from a pending

state criminal prosecution or analogous civil enforcement proceeding. *Sprint Communications, Inc. v. Jacobs*, 571 U.S. 69, 72–73, 78 (2013). Abstention is mandatory absent "extraordinary circumstances," such as: (1) an action "brought in bad faith . . . for the purpose of harassment," (2) "the state forum provides inadequate protection of federal rights," or (3) the challenged "state statute is flagrantly and patently violative of express constitutional prohibitions" or there is "a facially conclusive claim of [federal] preemption." *Sirva Relocation, LLC v. Richie*, 794 F.3d 185, 192, 197 (1st Cir. 2015). Plaintiff does not allege any extraordinary circumstances that would establish an exception to the *Younger* doctrine. Abstention, therefore, is required on the claims that implicate the pending state court criminal matter. *See Munir v. Superior Ct.*, No. CV 22-57WES, 2022 WL 670888, at *2 (D.R.I. Mar. 7, 2022) (concluding that under the *Rooker-Feldman* and *Younger* doctrines, a pending state postconviction proceeding bars federal civil suits until the petition is "adjudicated to conclusion in the state court (including appeal, if available, to the state's highest court)").

For the reasons stated in the original Recommended Decision and in this Supplemental Recommended Decision, I recommend the Court dismiss the matter.[1]

---

[1] In one of Plaintiff's flings, Plaintiff expresses some concerns regarding the jail's handling of his mail, including his belief that mail from the court has "been showing up later than usually." (Plaintiff's Declaration, ECF No. 15-2.) It is well established "that prisoners have a constitutional right of access to the courts." *Bounds v. Smith*, 430 U.S. 817, 821 (1977). However, "[t]he constitutionally-protected right of access to the courts is narrow in scope." *Boivin v. Black*, 225 F.3d 36, 42 (1st Cir. 2000). "The right of access to the courts, in the context of prisoners, is addressed only to a prisoner's right to attack his [or her] conviction and his [or her] right to challenge the conditions of [] confinement." *Riva v. Brasseur*, No. 15-2554, 2016 WL 9650983, at *1 (1st Cir. Sept. 12, 2016). "Nothing in the [filings] indicates that [Plaintiff's] access to the courts has not been adequate or meaningful." *Dupont v. Dubois*, 99 F.3d 1128 (1st Cir. 1996). The Court recently dismissed a complaint filed by Plaintiff in which Plaintiff raised similar concerns regarding the processing of mail at the Kennebec County Jail. *See Butler v. Gagnon*, No. 1:25-cv-245-LEW.

## **NOTICE**

  A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.

  Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

            /s/ John C. Nivison
            U.S. Magistrate Judge

Dated this 29th day of September, 2025.